UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNINA PUCCIO,<br><br>    Plaintiff,<br><br>    v.<br><br>STANDARD INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 12-cv-04640-JST<br><br>**ORDER DENYING MOTION TO DISMISS COUNT ONE; GRANTING MOTION TO DISMISS COUNT TWO WITH PREJUDICE; GRANTING MOTION TO DISMISS COUNT THREE WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 7, 14 |

Two motions to dismiss are pending in this action for violations of the Employment Retirement Income Security Act ("ERISA"), defamation, negligence, and strict products liability. First, Defendants Standard Insurance and NetApp move to dismiss counts one and two of the first amended complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) respectively. Second, Defendant Volkswagen moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss count three of the FAC. For the reasons set forth below, Standard and NetApp's motion is DENIED with respect to count one and GRANTED WITH PREJUDICE with respect to count two, and Volkswagen's motion to dismiss count three is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

**A. Allegations in the FAC**

Plaintiff Annina Puccio is an employee of Defendant NetApp. FAC ¶ 2. Puccio worked for NetApp for a year before she went on permanent disability leave. *Id.* ¶ 11.

Puccio alleges that NetApp promised her the ability to enroll in an insurance plan that would provide her with permanent disability benefits ("the plan"). *Id.* The premiums for the plan,

1 which is insured by Defendant Standard Insurance Company, were deducted from Puccio's
2 paycheck. *Id.* Puccio asked NetApp and Standard to provide her with a copy of the plan, but
3 neither of them did. *Id.* ¶ 2. Standard provided her with a copy of a policy for temporary
4 disability benefits only. *Id.* ¶ 3.

5 During the course of her employment with NetApp, Puccio suffered from fibromyalgia,
6 osteoarthritis, bi-polar disorder, and other ailments. Standard paid her disability benefits based on
7 these conditions but stopped the disability payments "without conducting an exam or
8 investigation." *Id.* ¶ 3. A specialist eventually diagnosed Puccio with several disabling ailments,
9 including fibromyalgia and Addison's disease. *Id.* ¶¶ 3-4.

10 Puccio filed claims with Standard based on these diagnoses. *Id.* ¶ 4. Standard allegedly
11 "has not responded" to Puccio's claim with respect to the diagnoses of Addison's disease,
12 osteoarthritis, and "other matters." *Id.* ¶ 5. Standard resumed making benefits payments after
13 these diagnoses but on a temporary basis only. *Id*. ¶¶ 5-6.

14 Standard retained a physical therapist to conduct a physical evaluation of Puccio in
15 connection with her fibromyalgia claim. *Id.* ¶ 59. During the course of the evaluation, a
16 "representative" of Standard told the physical therapist that Puccio was "uncooperative with the
17 innuendo that she was a malingerer, and with the innuendo that Plaintiff was committing the crime
18 of insurance fraud." *Id.* ¶ 60. Puccio alleges that this statement was false, unprivileged, and
19 injurious to her reputation. *Id.* ¶¶ 61-67.

20 On February 22, 2012, Puccio was involved in an automobile collision. *Id.* ¶¶ 14, 20. The
21 vehicle of Defendant Tom Stack collided with the vehicle in which Puccio was a passenger, which
22 was manufactured by Defendants Volkswagen AG and Volkswagen Group of America
23 ("Volkswagen"). *Id.* ¶¶ 20-21. Puccio was wearing a seatbelt at the time of the collision, but it
24 failed to "lock-up" and restrain Puccio. *Id.* As a result, Puccio was thrown forward and then
25 backward, which worsened her existing ailments and caused her head and neck injuries. *Id.* ¶ 20.

26 **B. Procedural History**

27 Defendants removed this action from Contra Costa Superior Court. Dkt. No. 1. Puccio
28 filed a first amended complaint after removal, which contains the following causes of action:

2

(1) "breach of trust and accounting" under ERISA, 29 U.S.C. § 1132(a)(1)(B), against Standard and NetApp; (2) defamation against Standard and NetApp; (3) negligence against Volkswagen, Volkswagen AG, and Tom Stack; and (4) strict products liability against Volkswagen and Volkswagen AG. Dkt. No. 4.

**C.    Jurisdiction**

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

## II.    DISCUSSION

**A.    Count One: ERISA, 29 U.S.C. § 1132(a)(1)(B)**

Count one of the FAC is for "breach of trust and accounting" under 29 U.S.C. § 1132(a)(1)(B). The claim arises out of Standard and NetApp's alleged withholding of benefits, failure to provide Puccio with confirmation in writing that she enrolled in a plan for permanent disability benefits, failure to provide her with paperwork that establishes the nature of the plan in which she is enrolled, and failure to respond to some of her claims for benefits. FAC ¶¶ 24-30, 37, 39, 40, 55, 56.

Standard and NetApp move under Federal Rule of Civil Procedure 12(b)(1) to dismiss this count on the grounds that it is not ripe. Standard and NetApp interpret Puccio's claim as being "based on the hypothetical concern that someday in the future she may be found ineligible to continue receiving benefits under the plan." Mot. at 2, Dkt. No. 8. They contend that a claim for the denial of benefits under ERISA is ripe only after the plaintiff has stopped receiving all benefits and has exhausted her administrative remedies. Based on this premise, they argue that Puccio's claim is not ready for judicial determination, as she currently is receiving some benefits.

**1.    Legal Standard**

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).

In resolving a facial attack, the court assumes that the allegations are true and draws all

3

reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted).

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039 (citations omitted).

**2. Discussion**

Standard and NetApp's motion contains both facial and factual jurisdictional attacks. As will be discussed below, both attacks fail.

First, Puccio's claim under 29 U.S.C. § 1132(a)(1)(B) is facially sufficient to invoke federal jurisdiction.

A participant of an ERISA plan may bring a civil action to "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Ninth Circuit has "announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agr. Employee Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) (citation omitted). A plaintiff need not exhaust her administrative remedies before filing a civil suit, however, if the plaintiff sufficiently alleges that such remedies would be inadequate or futile. *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980) (citation omitted).

The allegations in the FAC raise the reasonable inference that Standard and NetApp have wrongfully failed to provide Puccio with benefits and information to which she is entitled. They also are sufficient to bring her claim within the futility exception to the exhaustion requirement, which allows her claim to survive a motion to dismiss despite her failure, if any, to exhaust the plan's administrative remedies with respect to the benefits and information at issue.

4

Puccio alleges that Standard and NetApp "withheld" and "cut-off" her disability benefits "for a long period of time," that they have not "made full back payments" on the benefits they withheld, that they have failed to provide her with the permanent benefits they promised her, that they have consistently refused to provide her with information in writing pertaining to the plan in which she is enrolled, and that "Standard Insurance Company has not responded to Plaintiff's claim of Addison's disease." FAC ¶¶ 3, 5, 37, 39, 40, 55, 56. These allegations state a plausible claim for relief under 29 U.S.C. § 1132(a)(1)(B). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) ("If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits [under 29 U.S.C. 1132(a)(1)(B)]").

Moreover, for the purpose of determining Standard and NetApp's motion, Puccio's allegations are sufficient to excuse any failure on her part to exhaust her administrative remedies with respect to the benefits and information at issue, because the allegations raise the reasonable inference that her attempts to obtain the benefits and information through the administrative route have been futile. *See, e.g.*, FAC ¶ 53 ("Defendants refused to provide a copy of the written contract of insurance when requested."); *id.* ¶ 40 ("Defendants have refused to provide the claims and underwriting files"); *see also id.* ¶¶ 2, 55.

Second, Standard and NetApp's factual jurisdictional attack, which is based on documents that show that Puccio currently is receiving some benefits from Standard and that Standard has provided information to Puccio with respect to some of her claims, is not appropriate for determination at this stage of the litigation, because the question of whether jurisdiction exists depends on factual determinations that go to the merits of the case.[1]

The Ninth Circuit has held that "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going

---

[1] Defendants attach to their motion two declarations and several exhibits, which show that Standard has corresponded with Puccio about some of her claims and that Puccio has received some benefits from Standard. Smith Decl., Dkt. No. 9; Altschul Decl., Dkt. No. 30.

5

to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citations omitted). When the jurisdictional and substantive issues are sufficiently intertwined, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Unless that standard is met, the jurisdictional facts must be determined at trial by the trier of fact." *Id.*

Here, the jurisdictional question is significantly intertwined with the underlying facts of the case because ERISA provides the basis for both subject matter jurisdiction and Puccio's claim for relief. *See Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (holding that "the question of jurisdiction and the merits of an action will be considered intertwined where . . . a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief"). Indeed, the existence of jurisdiction in this case depends on whether Puccio has been denied benefits and information to which she is entitled under ERISA, which is a factual inquiry that goes to the heart of Puccio's claim for relief. Accordingly, Standard and NetApp's motion can be granted only if the material jurisdictional facts are not in dispute and Standard and NetApp are entitled to judgment as a matter of law.

Because the material jurisdictional facts are disputed, and because this action is in its early stages, a determination of whether Standard and NetApp are entitled to judgment as a matter of law would be premature at this point. First, Puccio disputes the authenticity and accuracy of the documents submitted by Standard and NetApp and declares under penalty of perjury that Standard and NetApp have failed to provide her with all of the benefits and information to which she is entitled despite her repeated requests.[2] Second, the question of whether Puccio has been wrongfully denied benefits and information is an intensely factual inquiry that would benefit from additional discovery. *See McMorgan & Co. v. First California Mortg. Co.*, 916 F. Supp. 966, 974

---

[2] Puccio filed a declaration in which she disputes the authenticity and accuracy of Standard and NetApp's submissions and states under penalty of perjury that her benefits have been "cut-off" and not "paid in full," that she has asked Standard and NetApp "on many occasions" for policy information in writing without success, and that Standard "has not made clear any internal review procedures." Puccio Decl., Dkt. No. 26.

6

1  (N.D. Cal. 1995) (declining to turn a motion to dismiss an ERISA claim under Rule 12(b)(1) into a
2  motion for summary judgment on the basis that "it would be premature to grant summary
3  judgment" before allowing the plaintiff to conduct discovery).

4  Accordingly, Standard and NetApp's motion to dismiss count one of the FAC is DENIED.

### B. Count Two: Defamation

Count two of the FAC is for defamation against Standard and NetApp. In the FAC, Puccio alleges that during the course of a physical examination conducted at Standard's request a representative of Standard told a physical therapist that Puccio "was uncooperative with the innuendo that she was a malingerer, and with the innuendo that Plaintiff was committing the crime of insurance fraud." *Id.* ¶¶ 60-63. Puccio further alleges that the physical therapist "understood these accusations of uncooperativeness as being accusations of insurance fraud, laziness, unprofessionalism and so forth." *Id.* ¶¶ 61-65.

Standard and NetApp move under Federal Rule of Civil Procedure 12(b)(6) to dismiss this count on the basis that it is related to the plan and is therefore preempted by ERISA.

#### 1. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

#### 2. Discussion

"[A] state law cause of action is preempted by ERISA if it relates to an employee benefit plan." *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007 (9th Cir. 1998) (citing 29 U.S.C. § 1144(a)) (internal quotation marks omitted). "A law relates to an employee benefit plan, in the

1  normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* (citation
2  omitted). "In evaluating whether a common law claim has reference to a plan governed by
3  ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and
4  whether the existence of the plan is essential to the claim's survival. If so, a sufficient reference
5  exists to support preemption." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th
6  Cir. 2004) (citations omitted).

The Court concludes that Puccio's defamation claim relates to the plan at issue in this action and is therefore preempted by ERISA. Puccio's defamation claim is premised on the existence of the plan, because the alleged statements were made during an examination conducted as part of the plan's claim review process. Moreover, the allegations in the complaint suggest that the statements were made with the intention of interfering with Puccio's attainment of benefits under the plan. Indeed, Puccio alleges that the Standard representative said that she was uncooperative with the "innuendo that she was a malingerer" and that she "was committing the crime of insurance fraud." FAC ¶ 60; *see also id.* ¶ 65 ("Defendants intended that the allegation of uncooperativeness give the innuendo of malingering in relation to an insurance claim, which is a crime.").

Because count two is preempted by ERISA and cannot be saved by amendment, it is DISMISSED WITH PREJUDICE. The Court, however, grants Puccio leave to amend her complaint to add additional claims against Standard and NetApp under ERISA based on the alleged attempt of Standard's representative to interfere with Puccio's attainment of benefits under the plan. *See, e.g.*, 29 U.S.C. § 1140 ("It shall be unlawful for any person to . . . discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan").

**C.      Count Three: Negligence**

Count three of the FAC is for negligence against Tom Stack, Volkswagen AG, and Volkswagen. This claim arises out of the injuries that Puccio suffered when the seatbelt in her Volkswagen vehicle failed to operate as expected during the collision with Stack's vehicle.

Volkswagen moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss this count

on the basis that Puccio has not alleged sufficient facts to state a claim against it.

### 1. Legal Standard

The legal standard for this claim is the same as the one described in section II.B.1, *supra*.

### 2. Discussion

To state a claim for negligence under California law, a plaintiff must plead sufficient facts to show "(1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citation omitted).

Here, the majority of the allegations supporting Puccio's negligence claim concern Defendant Tom Stack, not Volkswagen. In the FAC, Puccio alleges that Stack had a duty to operate his vehicle with care, that Stack breached that duty by operating his vehicle "in a manner that was inattentive to the traffic," and that the collision caused by Stack's inattentiveness caused Puccio to suffer injuries and incur medical expenses. FAC ¶¶ 68-73.

The only allegations that concern Volkswagen in the FAC are that "the seatbelt supplied by" Volkswagen and Volkswagen AG is "defective" and "failed to work" at the time of the collision, and that this failure caused Puccio physical and monetary injuries. *Id.* ¶¶ 12, 74. These conclusory allegations, even when read in the light most favorable to Puccio, are insufficient to raise the reasonable inference that Volkswagen by act or omission breached any duty it owed to Puccio. Accordingly, Puccio fails to state a claim for negligence.

Puccio contends in her opposition that she has sufficiently stated a claim for negligence because "this is a classic res ipsa loquitar [sic] situation," as the seatbelt "did not lock up as it should have" and was "completely within the control of the people putting it together (no repairs were done as far as Plaintiff knows) and that is also negligence." Opp'n at 2, Dkt. No. 24.

In the Ninth Circuit, "the application of the doctrine of res ipsa loquitur simply makes it permissible to draw an inference of negligence from a set of facts." *Wilson v. United States*, 645 F.2d 728, 730 (9th Cir. 1981) (noting that the "[i]nvocation of the [res ipsa loquitur] doctrine does not establish a presumption of negligence or shift the burden of proof"). "In order to invoke res ipsa loquitur, the plaintiff has the burden to establish three conditions: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be

9

caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." *Howe v. Seven Forty Two Co., Inc.*, 117 Cal. Rptr. 3d 126, 130 (Cal. Ct. App. 2010) (citations omitted).

Here, Puccio cannot invoke res ipsa loquitur to raise the inference that Volkswagen was negligent because the facts she alleges indicate that the seat belt was not within the exclusive control of Volkswagen at the time it allegedly failed to restrain her. Though a plaintiff may invoke res ipsa loquitur even when the event at issue takes place after the defendant relinquishes control of the instrumentality, such an invocation is possible only if the plaintiff shows that "the instrumentality had not been improperly handled or its condition otherwise changed after control was relinquished by the defendant." *Southern Arizona York Refrigeration Co. v. Bush Mfg. Co.*, 331 F.2d 1, 8 (9th Cir. 1964) (citation omitted). Such facts are not alleged in the FAC, and the Court cannot consider the new facts that Puccio presents in her opposition for the purpose of resolving Volkswagen's motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (noting that "[g]enerally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion"); *Session v. PLM Lender Services, Inc.*, No. 10-04942 WHA, 2011 WL 6748510, *5 (N.D. Cal. Dec. 22, 2011) ("A plaintiff cannot avoid dismissal of her complaint by alleging new facts in opposition to a motion to dismiss.").

Accordingly, count three is DISMISSED WITH LEAVE TO AMEND as to Volkswagen.

//

### III. CONCLUSION

Standard and NetApp's motion to dismiss count one is DENIED. Their motion to dismiss count two is GRANTED WITH PREJUDICE. Volkswagen's motion to dismiss count three is GRANTED WITH LEAVE TO AMEND.

Puccio may amend her complaint by May 8, 2013, (1) to cure the deficiencies identified in this Order with respect to her negligence claim, and (2) to bring additional claims against Standard and NetApp under ERISA based on her allegations of interference with the attainment of her rights under the plan.

**IT IS SO ORDERED**.

Dated: April 8, 2013

_____
JON S. TIGAR
United States District Judge