UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNINA PUCCIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STANDARD INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-04640-JD<br><br>**ORDER RE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 83 |

On February 2, 2015, the Court denied defendants' motion for summary judgment and remanded the matter to the plan administrator for reconsideration of plaintiff's eligibility for LTD benefits. Dkt. No. 81. Plaintiff has asked for "reconsideration" of the summary judgment decision to add an award of benefit payments from August 2013 through the end of the reconsideration process. Dkt. No. 86. Plaintiff relies on *Pannebecker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213 (9th Cir. 2008), as the basis for the award.

The Court denies plaintiff's request. In *Pannebecker*, the Ninth Circuit carefully distinguished between an initial denial of benefits and an arbitrary and capricious termination of previously awarded benefits to determine whether a successful ERISA claimant can continue to get benefits during remand. *Id.* at 1221. The court allowed ongoing benefits when "an administrator terminates continuing benefits as a result of arbitrary and capricious conduct." *Id*. Ongoing benefits are appropriate in that situation because the claimant was already receiving them and "but for the [insurer's] arbitrary and capricious conduct -- i.e., its failure to apply the terms of the Plan properly -- she would have continued receiving them." *Id*.

The court distinguished that result from "an administrator's initial denial of benefits premised on a failure to apply plan provisions properly." *Id*. In that context, remand for a correct

determination was appropriate but payment of benefits during that process was not. *Id.*; *see also Langston v. N. Am. Asset Dev. Corp.*, No. C 08-02560 SI, 2009 WL 941763, at *9 (N.D. Cal. Apr. 6, 2009) (no ongoing benefits where "plaintiff was not stripped of continuing benefits to which [insurer] had originally found she was entitled.").

Ms. Puccio falls into the initial denial category. The Court's remand order requires defendants to determine whether she is entitled to benefits under the LTD policy for conditions other than a "Mental Disorder" or musculoskeletal and connective tissue disorders. Ms. Puccio received a full term of benefits for the latter disorders but was denied benefits under the LTD policy for other disorders. The issue sent back to the plan administrator is to determine -- correctly, this time -- whether she qualifies for LTD coverage for the other disorders. Defendants have always denied Ms. Puccio coverage on those grounds and did not initially provide coverage and then terminate payments midstream. Consequently, she is not entitled to ongoing payments during remand under *Pannebecker*.

This result does not mean Ms. Puccio will never recover back payments of benefits. Depending on the results of the remand, and the Court's review of the plan administrator's decision, she may very well recover some or all of the payments she believes she is owed from August 2013 on. That issue, and the question of an attorney's fees award, will be answered in subsequent proceedings. But awarding benefits now without a proper initial decision by the administrator would usurp the administrator's discretion and risk an unjustified windfall for plaintiff.

**IT IS SO ORDERED.**

Dated: April 21, 2015

_____
JAMES DONATO
United States District Judge

2